## Ferne, Administratrix, v. Chadderton et al.

*Kunkle, Trescher & Snyder*, for plaintiff.
*Carroll Caruthers*, for defendants.

McWHERTER, J., April 24, 1948.—This is an action in trespass brought by the widow, administratrix of Harry A. Ferne, alias dictus Harry Adam Ferne, deceased, for damages alleged to have been sustained by reason of the death of her husband in a highway accident. Defendants appeared and filed an affidavit

of defense raising questions of law based chiefly on two grounds; first, that plaintiff had failed to attach to the statement of claim a certified copy of her appointment as administratrix by the Register of Wills of Butler County, and, second, that it appeared from the statement of claim itself that the accident was caused solely by the negligence of plaintiff's decedent.

Under date of January 3, 1948, Judge J. Hilary Keenan submitted to the other two members of the court en banc a decree sustaining defendants' affidavit of defense in lieu of demurrer and dismissing the action at the costs of plaintiff. Judge Keenan's opinion and decree was under date of January 12, 1948, in a per curiam order, concurred in by the remaining members of the court en banc as previously constituted. In this decree the court did not give plaintiff an opportunity to file an amended complaint as is frequently done in such cases. Plaintiff, thereupon, acted promptly and on January 30, 1948, on petition, procured a rule on defendants to show cause why the order sustaining defendants' demurrer should not be amended by allowing plaintiff 20 days within which to file an amended statement of claim, said rule returnable 15 days after service.

Counsel for defendants notified counsel for plaintiff that he was withdrawing his appearance due to the fact that an insurance carrier for defendant, Edward W. Chadderton, was in the course of liquidation, and that each defendant would be under the necessity of securing his own counsel. Counsel of record for defendants did not accept service of the rule and the same had to be served on defendants themselves. Thereafter, Mr. Caruthers was retained directly by two defendants to represent them in this action.

An amended complaint or statement of claim was filed by plaintiff to which counsel for defendants again filed an answer in lieu of demurrer raising the same questions of law.

As to the first question raised by the defense, the court is of the opinion that the presentation of a certification of plaintiff's appointment as administratrix is a matter of evidence and that the law requiring plaintiff to attach all contracts or copies thereof to the statement of claim does not here apply. Plaintiff has sufficiently pleaded the matter of her appointment to permit of her allegations as to her appointment being proven at the trial of the case. She has also set forth in paragraph 2 of her pleadings the name of plaintiff's decedent's widow and minor daughter in whose behalf the action is brought, and in paragraph 3 of the amended statement sets forth the necessary averment that plaintiff's decedent did not bring any action against defendants for injuries causing his death and that no other action for wrongful death of decedent had been commenced.

The complaint avers that on the night of January 24, 1945, on a highway in Allegheny Township, Westmoreland County, Pa., at the time in a slippery condition, an accident occurred; avers that defendant, Herbert Groce, was operating a trailer-truck on said highway, stopped the same, and did not place on the highway flares as required by statute; that Harry A. Ferne, operating a tank truck downgrade on said road, "at a lawful rate of speed, and in a careful and prudent manner", and on rounding a curve was compelled to apply the brakes of said truck by reason of the fact that the highway was blocked by Chadderton's trailer truck which was then and there unattended and unlighted. Ferne's tank truck skidded and was wrecked and Ferne received injuries from which he died. The complaint sets forth, in paragraph 12, the alleged negligence on the part of two defendants, namely, in failing to observe the statutory duty to place signals at such reasonable distances as would warn approaching drivers that defendants' tractor-trailer was blocking the highway; in permitting said tractor-trailer to re-

main unattended on a sharp curve, and in failing to give warning to plaintiff's decedent, who was operating his tank truck down a steep grade and on a curve on a highway covered with snow and ice, that the highway was blocked.

The principal new allegations in the amended statement of claim are contained in paragraph 7 thereof. Taking the amended statement of claim as a whole there is nothing therein which would justify the court in adopting defendant's position that the complaint itself admits that the accident was caused by the contributory negligence of plaintiff's decedent, Harry A. Ferne.

Counsel for the defense claims that the additional pleading was filed more than two years after the accident and that the same is barred by the statute of limitations because it contains a new cause of action. The parties are the same, the situs of the alleged accident is the same, the vehicles described are the same, and a careful consideration of the amended complaint convinces the court that no new cause of action is pleaded. It must be also remembered that the court, in its discretion, when sustaining defendants' demurrer, could have at that time given plaintiff an opportunity to amend her pleadings within a time fixed in the court order. There was and is nothing unusual about granting such permission. The allegations of the amended statement are properly pleaded and raise an issue of fact which must be determined by a jury and not by the court.

Now April 24, 1948, it is ordered, adjudged and decreed that the per curiam order of this court entered January 17, 1948, sustaining defendants' demurrer and dismissing plaintiff's suit be and the same is hereby vacated and set aside; the affidavit of defense in lieu of demurrer filed by the defendants to plaintiff's amended statement of claim be and the same is hereby reinstated on plaintiff's amended complaint. Defend-

38

ants are hereby granted 20 days from the date of the filing of this decree within which to file any additional pleading or pleadings which they or their counsel may desire.